It must be noted that following plaintiff's original motion submitted to the undersigned, plaintiff submitted a second motion to the Industrial Commission's Executive Secretary on 13 March 1995 which additionally requested penalties and attorney's fees. This motion is incorporated herein.
The Full Commission filed an Opinion and Award in this matter on 30 August 1995 affirming, with slight modifications, Deputy Commissioner Ford's decision. Within that Opinion defendant was ordered to pay related medical expenses through the date of Deputy Commissioner Ford's Opinion and Award, and no further. Since that time, plaintiff asserts that defendant has failed to pay certain expenses.
Sometime after the filing date of the Full Commission's Opinion and Award Defendant was provided a list by plaintiff's counsel of fourteen (14) items alleged to be outstanding. By defendant's assertion, this list was received by them on 6 November 1995. In defendant's response of 27 March 1996 the status of each of the fourteen (14) items was provided.
After careful consideration and for good cause shown, Plaintiff's Motion is GRANTED, in part.
As for items (3, 4, 6, 7, and 9) of plaintiff's list, defendant's response indicates that payment will be made. For these items, defendant is ORDERED to PAY the following: INTEREST pursuant to G.S. § 97-86.2 to the plaintiff at the rate prescribed by G.S. § 24-1, from the date of the hearing before Deputy Commissioner Ford until such time as these expenses were or are paid, as well as a PENALTY of ten percent (10%), to be added to the unpaid bills, if any. G.S. § 97-18(i).
For item [(11) Mileage Reimbursement] of plaintiff's list, defendant's response indicates that payment will be made. For this item, defendant is ORDERED to PAY the following: INTEREST pursuant to G.S. § 97-86.2 to plaintiff at the rate prescribed by G.S. § 24-1, from the date of the hearing before Deputy Commissioner Ford until such time as these expenses were or are paid.
As for items (1, 5, and 14), defendant is ORDERED to PAY these expenses forthwith as well as INTEREST pursuant to G.S. §97-86.2 to plaintiff on these expenses at the rate prescribed by G.S. § 24-1, from the date of the hearing before Deputy Commissioner Ford until such time as they are paid, as well as a PENALTY of ten percent (10%), to be added to the unpaid bills, if any. G.S. § 97-18(i).
In the Full Commission's Opinion and Award of 30 August 1995 an attorney's fee of twenty-five (25) percent was approved for plaintiff's counsel. The interest herein ordered to be paid to providers or to plaintiff shall not be subject to this prior Award of attorney's fee. However, all amounts owed pursuant to G.S. §97-18(i) are subject to this prior Award.
Finally, plaintiff has failed to show good cause regarding his Motion for Attorney's Fees pursuant to G.S. § 97-88.1 and said Motion is therefore DENIED.
 S/ _____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________________ BERNADINE S. BALLANCE